## KRESS v ROUSH

Ohio Appeals, 1st Dist, Clinton Co

No 105.   Decided April 26, 1935

Smith, Rogers & Smith, Wilmington, and Siegfried Geismar, for plaintiff in error.

Pulse & Pulse, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

The contention of the defendant is that even if his automobile was upon the wrong or left side of the road, the plaintiff saw this and could have prevented the collission by bringing her automobile to a stop. The plaintiff on the other hand, had a right to believe that the defendant would obey the law and drive his automobile over on the right side of the road before reaching the automobile of plaintiff. She cannot be presumed to know either that he would not or could not do this, as he claimed.

The picture of just what occurred was fully presented to the jury. The charge of the court was extremely fair in presenting to the jury the several rights of the parties. The jury was fully charged upon the law covered by the statute quoted:

"* * * no person shall drive a motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

* * *

"There is another provision of the statute which says that no person shall drive any motor vehicle at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. This is a specific requirement of the law, a violation of which constitutes negligence per se, and if such negligence was the proximate cause of injury to another person who was without fault, that contributed in any degree to the injury, such other person can recover against the person so guilty of negligence. Therefore, in determining whether any driver was proceeding in a lawful manner this statute must be applied and you must consider the evidence as to the speed and manner of driving, and determine whether such driver was or was not driving at a speed that would enable him or her to stop within the assured clear distance ahead.

"The defendant in a separate defense, pleads that if plaintiff received any injuries in said collision, her own negligence contributed to produce them. This plea raises the question of contributory negligence on the part of the plaintiff, provided she received any injury in the collision. The burden is on the plaintiff to prove by a preponderance of the evidence that she was injured in said collision in one, or more, of the particulars set forth in her petition. If she has so shown that she was so injured, then on the question whether she, by her own negligence, directly contributed to produce her said injuries, the burden is on the defendant to prove by a preponderance of the evidence that some act of negligence of the plaintiff did contribute to produce the collision."

The real question was what was the proximate cause of the injuries to plaintiff. The jury found that this was the negligence of the defendant and that the plaintiff was not guilty of contributory negligence. We find no reason for disturbing the verdict upon this ground, or for the reason that the damages were excessive.

The defendant requested the following special charge which was refused:

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"If you therefore find from the evidence that the plaintiff Electa Roush at the time of the accident drove her automobile at a rate of speed greater than to permit her to bring it to a stop within the assured clear distance ahead, then she was herself guilty of negligence, and your verdict must be for the defendant Charles Kress."

The defect in this charge is in the addition of the last clauses of the charge "then she was herself guilty of negligence and your verdict must be for the defendant Charles Kress." This completely ignores the requirement that in order to be effective as a defense her negligence must be contributory negligence, that is a contributing cause to her own injuries. The court in the general charge, it will be noted, carefully avoided this error.

We find no error prejudicial to the plaintiff in error in the record, and the judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.